IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE GARY KATZMANN, JUDGE
          THE HONORABLE M. MILLER BAKER, JUDGE
          THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| UNIVERSAL STEEL PRODUCTS, INC., PSK STEEL CORPORATION, THE JORDAN INTERNATIONAL COMPANY, DAYTON PARTS LLC, and BORUSAN MANNESMANN PIPE U.S., INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, DONALD J. TRUMP, in his official capacity as PRESIDENT OF THE UNITED STATES; WILBUR L. ROSS, JR., in his official capacity as SECRETARY OF COMMERCE, and MARK A. MORGAN, in his official capacity as ACTING COMMISSIONER OF CUSTOMS & BORDER PROTECTION, <br><br> Defendants. | Court No. 19-00209 |

**DEFENDANTS' ANSWER**

For their answer, defendants admit, deny, and allege as follows:

The allegations contained in the introductory paragraph constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required.

1.  The allegations contained in paragraph 1 constitute plaintiffs' characterization of their case and the relief requested to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.  The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in the first sentence of paragraph 3 constitute plaintiffs' characterizations of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute plaintiffs' characterizations of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admit that Universal Steel Products, Inc. is associated with an importer of record number used to import merchandise subject to section 232 tariffs; deny the remainder of the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Deny the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admit that The Jordan International Company is associated with an importer of record number used to import merchandise subject to section 232 tariffs; deny the remainder of the allegations contained paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admit that Dayton Parts, LLC is associated with an importer of record number used to import merchandise subject to section 232 tariffs; deny the remainder of the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admit that Borusan Mannesmann Pipe U.S. Inc. is associated with an importer of record number used to import merchandise subject to section 232 tariffs; further admit that Borusan Mannesmann Pipe U.S. Inc. is associated with an importer of record number used to deposit section 232 tariffs on merchandise classified as "tubes, pipe and hollow profiles provided for in {HTSUS} heading 7034 or 7036; tubes and pipes provided for in heading 7305"; deny the remainder of the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admit that U.S. Customs & Border Protection collects tariffs imposed pursuant to section 232 of the Trade Expansion Act of 1962, as amended; the remainder of the allegations contained in paragraph 11 constitute plaintiffs' characterization of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admit that Donald J. Trump is the President of the United States and issued Presidential Proclamations 9705 (March 8, 2018), 9711 (March 22, 2018), 9740 (April 30, 2018), 9759 (May 31, 2018), 9772 (August 10, 2018), 9777 (August 29, 2018), and 9886 (May 16, 2019); deny the remainder of the allegations contained in paragraph 12.

13. Admit that Wilbur R. Ross is the Secretary of the Department of Commerce. Deny the allegations contained in the second sentence for lack of knowledge as to what plaintiffs mean by "directly supervise." The remainder of the allegations contained in paragraph 13 are conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

14. Admit that Mark A. Morgan is the Acting Commissioner, U.S. Customs & Border Protection (CBP); further admit that CBP's statutory duties include the collection of

duties imposed pursuant to Presidential action taken under section 232 of the Trade Expansion Act of 1962, as amended; the remainder of the contained in paragraph 14 constitute plaintiffs' characterizations of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute plaintiffs' characterization of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute plaintiffs' characterization of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in the first sentence of paragraph 20 constitutes plaintiffs' characterization of their case and conclusions of to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Deny the

allegations contained in the second sentence of paragraph 20 for lack of information sufficient to form a belief as to their truth.

21. Admit that this action was filed within two years of the publication date of the Department of Commerce's investigation entitled "The Effect of Imports of Steel on the National Security"; the remainder of the allegations contained in paragraph 21 constitute plaintiffs' characterization of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute plaintiffs' characterizations and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute plaintiffs' characterizations and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute plaintiffs' characterizations and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute plaintiffs' characterizations and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute plaintiffs' characterizations and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute plaintiffs' characterizations, argument, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute plaintiffs' characterizations and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute plaintiffs' characterizations and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute plaintiffs' characterizations, arguments, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute plaintiffs' characterizations and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Admit that on April 19, 2017, the Secretary of Commerce initiated an investigation under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. § 1862), to determine the effects on the national security of imports of steel, that the Federal Register Notice, 82 Fed. Reg. 19,205, in part, invited interested parties to submit comment, and that Commerce conducted and invited interested public participants to present their views orally at the hearing held on May 24, 2017, and provided procedures to request participation; deny the remainder of the allegations contained in paragraph 32.

33. Admit that interested parties were invited to submit written comments, data, analyses, or information pertinent to the investigation. Admit that the deadline for written comments was May 31, 2017. Admit that copies of the requests to participate in the public hearing, and the transcript of the hearing will be maintained on the Bureau of Industry and Security's Web page; deny the remainder of the allegations contained in paragraph 33.

34. Deny the allegations contained in the first sentence of paragraph 34. Deny the allegations contained in the second sentence of paragraph 34 for lack of information sufficient to form a belief as to their truth concerning the plaintiffs' use of the terms "met" and "release any information."

35. Admit that on or around February 18, 2018, the Secretary of Defense sent a memorandum to Secretary Ross. Admit the allegations concerning the contents of the Commerce report to the extent supported by the document cited, which is the best evidence of its contents; deny the remainder of the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 constitute plaintiffs' characterizations of the contents of the Commerce report to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute plaintiffs' characterization of the contents of the Commerce report to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. Admit that the Commerce report was publicly released on February 16, 2018. The remaining allegations contained in paragraph 38 constitute plaintiffs' arguments and

characterization of the Commerce report to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegations in paragraph 39 constitute argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute argument, plaintiffs' characterization of the Commerce report, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute argument, plaintiffs' characterization of the Commerce report, and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute argument, plaintiffs' characterization of the Commerce report, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45. Admit that the President has issued: (1) Proclamation 9705 (March 8, 2018); (2) Proclamation 9711 (March 22, 2018); (3) Proclamation 9740 (April 30, 2018); (4) Proclamation 9759 (May 31, 2018); (5) Proclamation 9772 (August 10, 2018); (6)

Proclamation 9777 (August 29, 2018); (7) Proclamation 9886 (May 16, 2019); and (8) Proclamation 9894 (May 19, 2019); deny the remainder of the allegations contained in paragraph 45.

46. Admit that on March 8, 2018, the President issued Proclamation 9705; the remainder of the allegations contained in paragraph 46 constitute argument, plaintiffs' characterizations, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. Admit that on March 22, 2018, the President issued Proclamation 9711; the remainder of the allegations contained in paragraph 47 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Admit that on April 30, 2018, the President issued Proclamation 9740; the remainder of the allegations contained in paragraph 48 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. Admit that on May 31, 2018, the President issued Proclamation 9759; the remainder of the allegations contained in paragraph 49 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. Admit that on August 10, 2018, the President issued Proclamation 9772; the remainder of the allegations contained in paragraph 50 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. Admit that on August 29, 2018, the President issued Proclamation 9777; the remainder of the allegations contained in paragraph 51 constitute argument, plaintiffs' characterizations and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. Admit that on May 16, 2019, the President issued Proclamation 9886; the remainder of the allegations contained in paragraph 52 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. Admit that on May 19, 2019, the President issued Proclamation 9894; the remainder of the allegations contained in paragraph 53 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute argument and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 constitute plaintiffs' characterizations, arguments, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. Defendants' responses to paragraphs 1-55 of the complaint are incorporated by reference.

57. The allegations contained in paragraph 57 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 constitute conclusions of law and plaintiffs' request for relief, to which no answer is required; deny that plaintiffs are entitled to any relief whatsoever.

63. Defendants' responses to paragraphs 1-62 of the complaint are incorporated by reference.

64. The allegations contained in paragraph 64 constitute conclusions of law and plaintiffs' request for relief to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67. Defendants' responses to paragraphs 1-66 of the complaint are incorporated by reference.

68. The allegations contained in paragraph 68 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69. Defendants' responses to paragraphs 1-68 of the complaint are incorporated by reference.

70. The allegations contained in paragraph 70 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72. Deny that plaintiffs are entitled to the relief set forth in the prayer for relief contained in paragraph 72, or to any relief whatsoever.

73. Deny each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendants request that the Court enter judgment in their favor, order that the complaint be dismissed, and grant defendants such other and further relief as the Court may deem just and proper.

                                      JOSEPH H. HUNT  
                                      Assistant Attorney General

                                      JEANNE E. DAVIDSON  
                                      Director

                                      <u>/s/Tara K. Hogan</u>  
                                      TARA K. HOGAN  
                                      Assistant Director  
                                      Commercial Litigation Branch  
                                      Civil Division  
                                      Department of Justice  
                                      P.O. Box 480, Ben Franklin Station  
                                      Washington, DC 20044  
                                      Tele: (202) 616-2228  
                                      Fax: (202) 305-7643

February 3, 2020                        Attorneys for Defendants