Slip Op. 21-25

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNIVERSAL STEEL PRODUCTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | Before: Gary S. Katzmann, M. Miller Baker, Leo M. Gordon, Judges<br><br>Court No. 19-00209 |

**MEMORANDUM and ORDER**

Dated: February 26, 2021

<u>Lewis E. Leibowitz</u>, of Washington, DC, for Plaintiffs Universal Steel Products, Inc., PSK Steel Corporation, Dayton Parts, LLC, The Jordan International Company, and Borusan Mannesmann Pipe U.S. Inc.

<u>Meen Geu Oh</u>, Trial Attorney, and <u>Ann C. Motto</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendants. With them on the brief were <u>Brian M. Boynton</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, <u>Tara K. Hogan</u>, Assistant Director, and <u>Stephen C. Tosini</u>, Senior Trial Attorney.

<u>Per Curiam</u>:  Recently we issued an opinion granting Defendants' motion for judgment on the pleadings and denying Plaintiffs' cross-motion for summary judgment challenging Presidential Proclamation 9705, and its subsequent modifications, issued pursuant to Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862 ("Section 232").  See Slip Op. 21-12, 2021 WL 401283 (CIT Feb. 4, 2021) ("Opinion").

In the Opinion, we rejected the amended complaint's claims (1) that the challenged proclamations were invalid because the Secretary violated Section 232's procedural

requirements (Count One); (2) that the President "fundamentally misinterpreted Section 232 by failing to base his determination upon a finding of an impending threat to impair the national security of the United States" (Count Three); (3) that the "duration" set forth in Proclamation 9705 violated the requirements of Section 232 (Count Two); and (4) that the proclamation of tariffs on imports from Mexico, Canada, and the European Union countries pursuant to Proclamation 9759 violated certain mandatory timing provisions of Section 232 (Count Four, ¶ 70). See Am. Compl., ECF No. 11.

However, we noted that we would continue to stay consideration of the amended complaint's allegations that Proclamation 9772, which increased tariffs on steel imports from Turkey to 50 percent, violated other mandatory timing provisions of Section 232 ("Count Four ¶ 71 claim"). See Opinion at nn. 4, 18 & 21; see also Am. Compl. ¶ 71; Scheduling Order, Mar. 10, 2020, ECF No. 26 ("Ordered that consideration of Plaintiffs' challenge to Presidential Proclamation 9772, as pleaded in Count Four of the Amended Complaint, Am. Compl. ¶ 71, is stayed pending the final disposition of Transpacific Steel, LLC v. United States, Ct. Int'l Trade No. 19-0009").

Plaintiffs now move the court to enter partial judgment pursuant to USCIT Rule 54(b). See Pls.' Mot. for Entry of R. 54(b) Judgment in Part, Feb. 17, 2021, ECF No. 59. Defendants do not oppose Plaintiffs' motion. Id. at 4. For the reasons set forth below, we grant Plaintiffs' unopposed motion and enter a Rule 54(b) partial judgment.

Rule 54(b) provides in part that:

> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

USCIT R. 54(b).

Rule 54(b)'s "requirements are threefold: (1) partial finality; (2) separateness; and (3) an express finding that there is 'no just reason for delay.'" Federal Appellate Practice § 2.3 D(1) (3d ed. 2018). Rule 54(b) requires we "make an express statement" as to the requirements of the Rule. Spraytex, Inc. v. DJS&T, 96 F.3d 1377, 1379 (Fed. Cir. 1996) (citing W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Rsch. Assocs., Inc., 975 F.2d 858 (Fed. Cir. 1992)). We consider each of these elements in turn.

Rule 54(b)'s first requirement, partial finality, refers to "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Here, the court has reached a final decision with respect to all of Plaintiffs' claims other than the Count Four ¶ 71 claim relating to Proclamation 9772, thereby providing "an ultimate disposition" as to those claims—meaning that the litigation is at an end for those claims and there is "nothing left for the court to do but execute the judgment." Weed v. Soc. Sec. Admin., 571 F.3d 1359, 1361 (Fed. Cir. 2009) (quoting Allen v. Principi, 237 F.3d 1368, 1372 (Fed. Cir. 2001)).

Rule 54(b)'s second requirement, separateness, is not satisfied by the mere fact that a party's pleading nominally denominates claims as separate counts or claims for

relief.  See, e.g., Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 780 (11th Cir. 2007) ("[E]ven if a district court has adjudicated one count of a complaint, but another count seeks substantially similar relief, the adjudication of the first count does not represent a 'final judgment' because both counts are functionally part of the same claim under Rule 54(b)").

Conversely, a nominally denominated single count or claim for relief might (or might not) represent two or more claims for Rule 54(b) purposes.  For example, in this case, Count Four asserts two challenges—one that contends that the President issued Proclamation 9759 too early because he failed to negotiate with other countries for a full 180 days before issuing it, and another that contends that the President issued Proclamation 9772 too late because he issued it after the expiry of Section 232's deadlines.  See Am. Compl. ¶¶ 70, 71.  Our Opinion decided the former of these challenges and, as noted above, left the latter subject to the stay.

Regardless of how a pleading denominates claims for relief, for Rule 54(b) purposes the key questions are whether the relevant claims "involve at least some different questions of fact and law and could be separately enforced."  Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 21 (2d Cir. 1997).  Here, Plaintiffs seeks a Rule 54(b) partial judgment as to their challenges to Proclamation 9705 and various of its modifications, including Proclamation 9772, that we rejected in the Opinion. Plaintiffs' unresolved challenge to Proclamation 9772, though related to challenges

adjudicated in our Opinion, involves different questions of fact and law.[1] Because those challenges resolved in our Opinion are factually and legally distinct from Plaintiffs' stayed challenge to Proclamation 9772, we hold that the former satisfy the separateness requirement of Rule 54(b).

Rule 54(b)'s third and final requirement for issuance of a partial judgment is that we must "expressly determine[] that there is no just reason for delay." USCIT R. 54(b). As previously noted, the court stayed consideration of the Count Four ¶ 71 claim as it is substantially identical to the claims in Transpacific, which is currently before the Federal Circuit (Fed. Cir. No. 20-2157). Therefore, there is nothing for this court to do with the Count Four ¶ 71 claim until the Federal Circuit disposes of Transpacific.

The entry of a Rule 54(b) partial judgment would serve the interests of the parties and the administration of justice by bringing these adjudicated claims to a conclusion before this court and providing Plaintiffs an opportunity to immediately appeal all issues other than the Count Four ¶ 71 claim. Delaying Plaintiffs' appeal of their challenges that we adjudicated in the Opinion until the Federal Circuit resolves the Transpacific appeal would serve no rational purpose. There is no threat of piecemeal judicial review as resolution of the Transpacific appeal will not resolve any of the issues adjudicated in our Opinion or moot Plaintiffs' challenges to the various Proclamations other than (possibly)

---

[1] Plaintiffs' stayed challenge to Proclamation 9772 in Count Four ¶ 71 turns on the fact that the President imposed duties on Turkish steel imports allegedly in violation of the relevant statutory deadline. That fact is not relevant to Plaintiffs' challenges that we adjudicated in the Opinion. Likewise, the legal question at issue in Plaintiffs' challenge to Proclamation 9772 is whether the statute permits the President to take such action. That question is not implicated by the challenges we adjudicated in the Opinion.

Court No. 19-00209 Page 6

Proclamation 9772. Therefore, the court has no just reason to delay issuance of a Rule 54(b) partial judgment.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' unopposed motion for the issuance of a USCIT Rule 54(b) partial judgment is granted.

/s/ Gary S. Katzmann
Judge Gary S. Katzmann

/s/ M. Miller Baker
Judge M. Miller Baker

/s/ Leo M. Gordon
Judge Leo M. Gordon

Dated: February 26, 2021
　　　　New York, New York